# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE J. BROWN, | ) | CASE NO. 1:10-cv-00009 LJO GSA PC |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) ) | WITHIN THIRTY DAYS |
| KEN CLARK, et al., | ) | (Doc. 1) |
| Defendants. | ) ) / | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff is a former  is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

1  Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.     Plaintiff's Claims

Plaintiff, formerly incarcerated at California State Prison Corcoran, brings this civil rights action against defendant correctional officials employed by the California Department of Corrections and Rehabilitation at CSP Corcoran. Plaintiff names the following individual defendants: Ken Clark, Warden at CSP Corcoran; Sergeant Thomas Bear; Correctional Officer (C/O) Niles Emerson; C/O R. Reaves; Lieutenant S. Emerson. Plaintiff claims that defendants are subjecting him to retaliation.

In October of 2008, Plaintiff's cell was "ransacked" during a routine search by C/O Emerson. (Compl. ¶ IV.) Plaintiff alleges that, as a result of this search, he "elected to cease all amicable communication" with C/O Emerson. Plaintiff alleges that C/O Emerson's partner, C/O Reaves, learned of Plaintiff's conduct, and had Plaintiff removed from his cell and into another cell "out of

2

pure spite." Id. C/O Reaves also "interfered" with Plaintiff's job assignment as a Resident Demonstrator in the Substance Abuse Treatment Facility Program. (Compl. p. 4.) Plaintiff filed a grievance regarding C/O Reaves' conduct. On January 22, 2009, Plaintiff was interviewed by Sgt. Bear regarding the grievance. Sgt. Bear informed Plaintiff that he would conduct an inquiry into Plaintiff's grievance. Id.

Plaintiff alleges that he received in the mail a document informing him that an inquiry was conducted and "concluded that staff did violate CDCR policy and procedures with respect to the issues raised." Id. Plaintiff alleges that the inquiry was "callous and bias" because none of the witnesses provided by Plaintiff were interviewed by Sgt. Bear. (Compl. p. 5.) Plaintiff alleges that he was harassed by Sgt. Bear and C/Os Reaves and Emerson. Specifically, Reaves and Emerson again searched Plaintiff's cell, "ransacking" it. Plaintiff filed another grievance, a complaint about the conduct of Reaves, Emerson and Bear. Plaintiff provided another list of witnesses. An inquiry was conducted by Lt. Oehlert, but without contacting the witnesses. (Compl. p. 6.)

### A. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his first amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005). See also Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989)(explaining that a plaintiff must plead facts which suggest "that the protected conduct was a 'substantial' or 'motivating' factor in the defendant's decision") (citation omitted).

The facts of the complaint clearly indicate that the only adverse action taken is that Plaintiff's cell was searched twice. The first search was motivated by Plaintiff's cessation of "amicable communication" with C/O Emerson. Although a liberal reading of the complaint would lead to an inference that the second cell search was conducted in response to the filing of an inmate grievance, Plaintiff fails to allege any facts indicating that such action chilled the exercise of his first amendment rights. There are no allegations that Plaintiff attempted to file a grievance and was in

any way impeded by the conduct of any of the named defendants. The facts of the complaint indicate that Plaintiff was able to freely file inmate grievances. Further, the fact that "staff" violated CDCR policy does not subject defendants to liability for retaliation. Plaintiff must allege facts indicating that the exercise of his first amendment rights were chilled. He has failed to do so here. Plaintiff's retaliation claim should therefore be dismissed.

### B.   Supervisory Liability

Plaintiff names as a defendant the Warden at CSP Corcoran. Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff alleges no facts indicating that Warden Clark participated in, or directed the violations. He should therefore be dismissed.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **December 12, 2010**             **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE